**329·15**

The Court of Criminal Appeals
Austin, Texas

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 07 2015
Abel Acosta, Clerk

NO. 09-15-00006-CR

Mitchell Corey Knighton, Appellant,

V.

The State of Texas, Appellee

FILED IN
COURT OF CRIMINAL APPEALS
MAY 08 2015
Abel Acosta, Clerk

On Appeal from the 411th District Court
Polk County, Texas
Trial Cause NO. 22233

Petition For Discretionary Review

Cases: 956 S.W 25 Exparte David Wayne Wilson

120 A S. Ct. 1029 Ernest C. Roe V. Lucio Flores-Ortega

Arguments: Oral arguments would be helpful due to the fact the Appellant Mitchell Corey Knighton has never given any oral statements to any attorneys, officers, or Judges of his side of the story. I believe the Appellant statements need to be heard to sufficently have a true and correct sentencing and to not be based on one side of a story.

**Statement of the Case:**

Appellant Mitchell Corey Knighton is currently incarcerated in the Texas Department of Criminal Justice facing 12 years for Aggravated Assault with a Deadly Weapeon. Appellant ask how can he be sentenced for such charge when there was initially no physical contact made by himself and was not found in possesion of a Deadly weapon at the scene.

**Procedural History:** Appeal Dismissed - Februrary 4, 2015
Extension Granted for Petition for Discretionary Review - March 27, 2015

**Grounds For Review:**

1) Criminal Law 1077.3
   Attendant to appeal of right is right to counsel.

2) Criminal Law 641.13 (7)
   If appellate counsel's action or inaction denies defendant his opportunity to prepare and file Petition for Discretionary Review, defendant has been denied his sixth Admendment right to effective assistance of counsel.

3) Criminal Law 641.13 (7)

When counsel's constitutionally defierent performance deprives defendant of appeal that he otherwise would of taken, defendant has made out successful ineffective assistance of counsel claim entitling him to an appeal.

4) Criminal Law 641.12 (1)

Denial of assistance of counsel altogether, either actually or constructively, is presumably predudicial.

Argument: The Appellant finds it predudicial that the courts can base guilt upon hearing only one side of a story. The Appellant also disagrees on the charge that he was sentenced for. How can one individual be sentenced with Aggravated assault with a Deadly weapon when no physical contact was made and a positive finding of a deadly weapon ever happened. The Appellant also believes that he has been deprived of the assistance of counsel.

Prayer: The Appellant prays that the court of appeals will grant the appeal. The Appellant prays for general relief.

To the Honorable Judges of the Court of Criminal Appeals:

I am writing on behalf of my case. I would like to explain the reasoning in which why the enclosed Petition for Discretionary Review is in the form that it is in. Initially my attorney Michael Davis was instructed by myself Mitchell Knighton to file for an appeal after I was sentenced on 11/25/2013. Being under the impression that my attorney was going to file for the appeal I did not do so myself within the 30 day period after being sentenced. So several months go by after being transferred to the Texas Department of Criminal Justice and of myself not hearing information on the said appeal. So then I took it into my own hands and went to our unit law library and filed for an Informa De Paupers to recieve a court appointed appeal attorney. I was then given one by the name of Steven Greene. After being in contact with him only by mail correspondence he informed me that he would file for the appeal himself. Soon after attorney Steven Greene filed for the appeal I recieved notice on 2/6/2015 that the appeal was dismissed due to not being filed in a timely manner. Steven Greene then contacted me again and informed me that the next step would be to file a Petition for Discretionary Review. He also stated in said letter that I would have to file the petition on my own. So after several attempts and a lot of hardwork with very little knowledge of the law I tried to file the petition. So please keep in consideration that I tried my hardest and completed this all on my own. Thank you for your time and consideration.

Mitchell Knighton
Mitchell Knighton

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00006-CR
_____

**MITCHELL COREY KNIGHTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. 22233**

**MEMORANDUM OPINION**

The trial court sentenced Mitchell Corey Knighton on November 25, 2013. Knighton filed a notice of appeal on August 14, 2014. We notified the parties that Knighton filed his notice of appeal too late to perfect an appeal. *See* Tex. R. App. P. 25.2(b). Knighton filed a response, requesting an out of time appeal, but failed to establish that his notice of appeal was timely filed or that the Texas Court of Criminal Appeals granted an out-of-time appeal as habeas relief. *See generally* Tex. R. App. P. 73.

1

The Court finds that the notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2. No motion for extension of time was timely filed pursuant to Tex. R. App. P. 26.3. The Court finds it is without jurisdiction to entertain this appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on February 3, 2015
Opinion Delivered February 4, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

2

Mitchell Knighton #1912536
Hamilton Unit
200 Lee Morrison Lane
Bryan, Tx 77807

Legal Mail

NORTH HOUSTON TX
05 MAY 2015 PM 5 L

Court of Criminal Appeals
P.O. Box 12308
Austin, Tx 78711

FOREVER USA

78711230808